Mathews, J.
delivered the opinion of the court. Considering, as we do, the formalities prescribed by law, for testaments to be of such solemnity and substance, that they must punctually and entirely be fulfilled, we are of opin- ion that the will, under consideration, cannot be supported as a mystic one: although it was closed, sealed and delivered to the notary, in presence of a sufficient number of witnesses, and the act of superscription drawn up by him, (in a style, indeed, confuse and indefinite, but perhaps sufficiently intelligible, to give validity to the instrument, were it perfect in other re-spects,) is defficient in a material formality; the testatrix not having declared, at the time of handing the will to the notary, whether it was written by herself, or by another by her direc- tions, and whether she signed it or not. This is a defect, which destroys the validity of the East'n District *183 will, as a mystic one. It remains to be examined, whether it be valid as an olographic will.
The question, whether a will which, on account of informality in its execution, is void in the form intended to be used by the testator, can and ought to be supported in another, provided it be clothed with all the requisite formalities, seems, from the authorities produced, to have been agitated in France, before the introduction of the Napoleon code. In its solution, a contrariety is found, both in the determination of courts of justice, and in the opinions of jurists. Under the operation of the code, this question, although raised in several instances, does not appear to have been formally decided.
Merlin, inhis Collection de questions de droit, in the case of a contested will, discusses extensively the question now under considera- tion-Whether a mystic will, not valid on ac- count of imperfections in the act of superscrip- tion, can be valid as an olographic will, when wholly written, dated and subscribed, in the handwriting of the testator? The general max- im, as laid down by Ricard, in his Traite des donations, much relied on by the counsel for the plaintiff's, is cited and commented upon by Mer- lin. It refuses validity to a will, imperfect in the form, which the testator adopted for ma- East'n District. July *184 king it, notwithstanding it may be attended with all legal formalities, necessary, to give it effect in another form. But Ricard's doctrine, says Merlin, is contrary to a general principle, ff. 29, 1, 3, not only for the will of soldiers, but for those of other persons. It ought not to be presumed that, in choosing one form of ma- king a will, a testator intends so to bind himself to it that, on the omission of any formality required for the perfection of his will, in such a form, it should remain without effect in any other. Nec credendus est quisquam genus testandi eligere, ad impugnanda judi ia sua. According to this principle, which we believe to be sound and rational, when a testament is perfect, in either the forms, in which it may lawfully be made, although not complete, in the one apparently intended to be used, it ought to be considered as valid and effectual. Ricard himself, n. 1617. acknowledges that his opinion is founded only in conjectures, with regard to the wishes of the testator, who, it is presumed, had no intention of disposing of his estate in any other form, than that which he had chosen. yet, when the contrary is expressed by him, in declaring that his will should have effect, in any other in which it may avail, it is East'n District. July 1817. Bi~oui~. AL vs. A S SAN *185 ~ond and valid, if attended with all the formalities req sired by law for any form of testament.
It is really difficult to perceive, why an e~-pression of this kind should be received, as giving additional force to a belief, that the testator iii making his will, is desirous that its disposi-tio~s should b~e carried into effect. On Uie contrary, can any thing be more absurd, than to Suppose that a man, in the solemn act of making his will, should ever intend so to shackle himself with any particular form, as to preclude the possibility of his will prevailing in any other allowed by law, in which it might be good, althought invalid in that which he seems to have chosen ?
The formalities, prescribed by law for the perfection of wills, are intended to prevent forgery and perjury-to give confidence ~o every citizen, that his real wishes, with regard to the disposition of his property, after his death, will be honestly carried into eTh. ct, without fear of injustice from forgery and falsehood. This wise purpose of law is certainly fully complied with, whenever it can be made appear, that a will j~ valiI in any of the forms prescribed. But admitting that on general princi~les of law, the will in coptest ought to prevail, say the plaintiff counsel, it i~ null and voia, according to *186 the dispositions of our civil code. Wills are divided into three principal classes, unncupative or open, mystic or closed and olographic: each of which require particular formalities.
The will, being declared null and void as a mystic one, it is not pretended that it is attended with the formalities required, to give it effect as a nuncupative will. It only remains for us to give a just and fair construction to the pro- visions of the civil code, on which the plantiffs' counsel relies, to shew the nulity of the will, as an olographic one. They are these:
An olographictestament may be either open or sealed: but, when it is sealed, it needs no other superscription than this, this is my ologra- phic will: which superscription must be signed by the testator. An olographic testament shall not be valid, unless it be wholly written, signed and dated with the testator's hand. Code Civ. 230, art. 103. Testaments and codicils, which the testator may please to cover and seal, will still be valid, as nuncupative testaments and codicils, if they be clothed with all the formali- ties prescribed for the validity of these acts respectively. Id. 104.
Under theserules it is contended, that the present will cannot he supported as a sealed olographic will; because it has not the super- scription required by law, nor any thing equiva thing equiva� *187 lent: further, that, having been sealed by the testatrix, it can have no validity, as an open olographic will; because the last article cited from the code gives validity to such only, when they have the formalities prescribed for nuncupative wills.
It is clear, from every circumstance in the case, that it was not intended by the testatrix to make a sealed olographic will. The superscription on it was intended to be that of a mystic will, and has nothing equivalent to that of a sealed olographic will, and the will therefore cannot be valid as such. If, by a correct construction of the 104th article, it cannot avail as an open olographic will, we will have to lament the absurdity of a rule, which gives a preference to one form of wills over another, to which it is not rationally entitled. But, this we do not believe to be the case. From an examination of all the definitions and rules on the subject of wills, we are of opinion that it was not the intention of the legislature to confine this liberal provision of law to wills strictly and technically termed nuncupative. The definition of them is in the alternative, nuncupative and open, and gives them a character distinct and separate from the mystic or closed. Not so, in relation to wills, which have the olographic *188 form-they may be either open or closed : and, notwithstanding it may have pleased a testator to cover and seal up his will, its validity shall not be destroyed; or, in the language of the code, it will be good as a nuncupative will, if it be attended by all the formalities prescribed for such acts respectively. This provision of the law is introduced after the classification of wills, and a minute description of all the formalities necessary to the perfection and validity of wills of each class. It is not expressly declared that a will, which may have been sealed up by the testator, shall not be good in any other form except the nuncupative, limitedly and technically so called-nor do we believe that the legislature, in using the word nun-cupative, intended to exclude the olographic will from the same provision, provided it has the formalities required: because the one form. is not entitled to any preference above the other, anti if there be any difference, in favor of either, the olographic ought to have it-being equally or more secure against perjury or forgery-because the word nuncupative may be taken in the alternative, open, and would then be opposed, in the common acceptation of the word, to closed or sealed, and consequently the expression of the code will allow validity to any will perfect *189 in either of the open forms, although it may have been sealed up by the testator.
Upon the whole, we are of opinion that, notwithstanding the will under consideration is null and void, as a mystic will, which the te-tator seems to have intended to make, it may and ought to be valid, as an olographic will, should it be proven to have all the formalities required for a perfect olographic will. As it i~ declared, in the body of it, that it was made, written, signed and dated, in duplicate, in the handwriting of the testatrix, which seem to be all the formalities required for the perfection of an olographic will, we think that the district judge erred in refusing to permit the defendant to prove by witnesses the handwriting of the testatrix, in the manner prescribed by law.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be aunulled, avoided and reversed, and that, the cause be remanded, with directions to the judge to allow the defendant and appellant to prove, by legal testimony, all facts and formalities required by law, for the validity of olographic wills-particularly, that the will in the present case, is entirely written, signed and dated with the testatrix's hand.