Martin. J.
⅝ . delivered the opinion of the court. The defendants appealed from a judg-rendered against them, on an agreement °f theirs to pay a claim of the plaintiff against one J ohn M M artin.
amount of the claim was proven by the plai, tih ’⅛ bookkeeper, woo exhibited an ac-1 count of sundry goods furnished by the piain- ..... , , , . ,, . . . , till to saui John ivl. Martin, winch he swore to be correct: observing, nowever, that two items therein, one ot 77 uoiiars, the otfeér of S§ dol« *229 la*» -were fon goods delivered ¾ .the witoefs’ absence, although .these charged in -one of them wére goods contracted for, ¿«his presence. There was also in the account a charge ⅜1§⅜⅛91,49 for iuterest, which the witness deposed was due, according to the cnstomaf merchants in the parish of Rapides.
The defendants’ counsel urged that judgment had been erroneously given for the sums iu these three items : there being no legal evidence in support of the two first, and the latter having been allowed, against the provision of the statute, Civ. Code, 408, art. 32, and the decision of this court in the case of Cavelier & al. vs. Collin’s heirs, 3 Martin, 188.
We are of opinion that the district court erred. The goods having been delivered ip the absence of the witness, his deposition cannot charge the defendant with their amount. The circumstance of part of them having been contracted for in the witness’ presence cannot avail; as it is by the delivery of the goods only that the party could become liable for them.
The plaintiff cannot claim interest, according |sothe custom of merchants, as the goods do not appear to have been purchased with a view to rade, but for the party’s oWn use, and there ⅛ ko evidence that he was a merchant
Baldwin for the plaintiff, Porter for the defendants. *
. : isy tkeuefoéí!.;, -ortlérefl, aí¡jüd§eil and de-fipee(j t¡ia£ tbeTjtidgment he annulled^ .avoided ■ and* reverses!, áud that the plaintiff do recover the sum of two thousand six hundred'aud tvviénty-six dollars and fifty-one cents, (the hahiróíé appearing to be due, after a deduction of the three items excepted to) w ith legal interest from tjiis date, and costs in the district court; those in this to be borne by,the plaintiff and appellee.