## HUNTER vs. SMITH.

APPEAL from the court of the sixth district.

MARTIN, J. delivered the opinion of the court. This case came up to this court, in October, 1824, and was remanded. The plaintiff had a verdict and judgment, and the defendant appealed anew.  *Vol.* 3, 109.

The counsel of the appellant relies on a number of bills of exceptions:—

1 & 2. The two first are to the opinion of the district court, who allow the introduction in evidence of an account of Armstrong, against the defendant, paid by the plaintiff for the latter, and filed among the papers of the suit by the defendant—and the testimony of Armstrong—the introduction of sundry due-bills, the signatures of which were torn off, and which had also been filed by the defendant, and the testimony of Oliot, in relation to those due bills.

The plaintiff sought to disprove the facts stated by the defendant, in answer to interrogatories. For this purpose, the testimony of any disinterested witness was proper, and he might use any document placed by the defendant himself on the files of the court, in the case, for his defence.

*A party may use as evidence, any document filed in the case. The hand-writing of a clerk who is dead, in entries in his employers' books, may be proven. A party who has taken no step to bring in a witness, cannot use his testimony taken down by the clerk in another case.*

Western Dis.
Oct. 1827.

HUNTER
vs.
SMITH.

3. Another bill was taken to the opinion of the court, allowing proof of the hand-writing of a clerk of the plaintiff, now dead, or entries on the plaintiff's books.

This instance is stated in all the elementary books of evidence, to illustrate the cases in which the plaintiff may prove his claim by entries when on books. The plaintiff has relied on 3 *Martin*, 188, Cavelier *vs.* Petit. *Civ. Code, art.* 2244; but these authorities are evidently inapplicable.

4 & 5. The two next bills were to the admission of evidence of the former existence of notes of the defendant, payable to the plaintiff, and to that of payments made by the latter for the former. The objection was made on the ground of irrelevancy; these notes and those payments making no part of the plaintiff's claim.

It appears the averred object of the plaintiff was to establish the manner he had accounted for cotton sold by him for the defendant, and in what way the latter had acquiesced to a credit which he claimed. For this purpose, the evidence was clearly proper.

6. Another bill was, to the admission in evidence of what the parties had said in a con-

versation relating to the quantity of bales of cotton made by the defendant.

What has been said on the preceeding bills is equally applicable to this.

7. The last bill is to the refusal of admitting in evidence, the testimony of a witness, taken down by the clerk during a former trial in the present case.

The defendant had taken no steps to bring the witness, who resides in the parish, and the plaintiff had a right to insist on the witness being *seen* and *heard* by the jury.

The plaintiff made an unsuccessful effort to obtain a new trial, on the grounds of the verdict being contrary to law and evidence, of surprise, and lastly, on an allegation that the jury had considered it was not their duty to weigh the evidence, or take the answer to the plaintiff's interrogatories as conclusive evidence.

The first and second grounds are particularly left to the discretion of the district court, who has better opportunities to be informed.

It is true that when a fact is denied by the party in answer to interrogatories, the answer must be taken as true, unless disproved by two credible witnesses, or one with corroborating

Western Dis.
October, 1827.

HUNTER
vs.
SMITH.

circumstances; it is also true, that when the law, by arbitrary appointment, annexes to particular evidence, force and efficacy, beyond what naturally belongs to it, a jury are bound by the rule of law, even in opposition to their own conclusion, as to the truth of the facts, from all other circumstances. *Starkie*, 445.

But in the present case, the plaintiff introduced testimony and documents to disprove the facts sworn to by the defendant, and the jury were the proper judges of the weight of the circumstances resulting from these documents.

On looking over the whole evidence, we are unable to say the verdict ought to be disturbed as contrary thereto; and it is not shown to be contrary to law.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed, with costs.

*Thomas* for the plaintiff, *Boyce* for the defendant.