*ABAT* vs: *WHITMAN:*

The use of a          APPEAL from the court of the first district.
common law
denominati-
on of a pro-          PORTER, J. delivered the opinion of the
cess does not
necessarily          court. The only question in this cause is,
introduce the
English prac- whether a debtor who has been arrested on a
tice
writ of *capias ad satisfaciendum*, and dis-
charged out of custody by the consent of the
plaintiff, is not discharged of the debt, and

whether this discharge does not operate in favour of those who were bound jointly and severally with him.

By the laws in force in Louisiana antecedent to the change of government, no such consequence followed the discharge of a debtor from imprisonment. By the common law of England it did. No statute of the state, or the former territory of Orleans, has repealed in express terms the rules previously in force. If, therefore, our former law is repealed, it must be from the use of the words *capias ad satisfaciendum,* in the act of the legislative council.

The repeal of laws is never presumed; and if the new and old laws can stand together, they should be so construed. It would be going far, to hold that the special enactment of a remedy which previously existed, should introduce the consequences that attended that remedy in another system of jurisprudence. In this respect there is a meterial difference between this case and that construction which should be given to our laws introducing *jury trial,* and the writ of *habeas corpus;* for they being unknown to our jurisprudence, the understanding of them was *ex necessitate,* to be

sought somewhere else. The use of common law terms is easily accounted for, in the desire of the legislature to use those words which would convey in the most clear and concise manner, to persons acquainted with the English language alone, the remedies defined. And tho' the terms *capias ad satisfaciendum* is not English, yet it is well known that the countries where the common law prevails, its meaning is as well understood as any word of their vernacular tongue which is used in law proceedings. So early as the year 1813, this court said that common law terms ought to be considered rather as a translation of the names formerly used than as emanating from the English jurisprudence. That their adoption as words can by no rule of law be considered as having introduced the English practice.   3 *Mart.* 185.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be annulled, avoided, and reversed; that the cause be remanded, to be proceeded in according to law; and that the appellee pay the costs of the appeal.

*Seghers* for the plaintiff—*Eustis* for the defendant.